**No. 25-50800**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

**DANIEL VILLEGAS,**
        *Plaintiff - Appellee,*

**v.**

**RAY SANCHEZ,**
        *Defendant-Appellant.*

---

**On Interlocutory Appeal from the
United States District Court Western District of Texas,
El Paso Division
3:15-CV-00386-DCG**

---

**BRIEF OF APPELLANT RAY SANCHEZ**

---

**Jim Darnell**
jdarnell@jdarnell.com
**Jeep Darnell**
jedarnell@jdarnell.com
**Jim Darnell, P.C.**
**310 N. Mesa St., Ste. 212**
**El Paso, Texas 79901**
**Phone: (915)532-2442**
**Fax:   (915)532-4549**

**No. 25-50800**

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

**DANIEL VILLEGAS,**
  *Plaintiff - Appellee,*

**v.**

**RAY SANCHEZ,**
  *Defendant-Appellant.*

---

## I. CERTIFICATE OF INTERESTED PERSONS

Pursuant to 5th Cir. R. 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Officer Ray Sanchez (Defendant-Appellant);

2. Daniel Villegas (Plaintiff-Appellee);

3. Jim Darnell, Jim Darnell, P.C. (counsel for Appellant);

4. Jeep Darnell, Jim Darnell, P.C. (counsel for Appellant);

5.   Russell Ainsworth, Loevy & Loevy (counsel for Appellee);

6.   Jon Loevy, Loevy & Loevy, (counsel for Appellee);

7.   Quinn Rallins Loevy & Loevy (counsel for Appellee);

8.   The City of El Paso, Texas (co-Defendant at the District Court);

9.   Yvonne Whitaker, In her capacity as the Executor of Decedent Alfonso Marquez' Estate (co-Defendant at the District Court);

10.  Officer Carlos Ortega (co-Defendant at the District Court);

11.  Officer Scott Graves (co-Defendant at the District Court);

12.  Lowell Denton, Denton, Navarro, Rodriguez, Bernal, Santee & Zech, P.C. (counsel for the City of El Paso);

13.  Robert Drinkard, Denton, Navarro, Rodriguez, Bernal, Santee & Zech, P.C. (counsel for the City of El Paso);

14.  James Martinez, Mounce, Green, Myers, Safi, Paxson & Galatzan, P.C. (counsel for Yvonne Whitaker);

15.  Andres Almanzan, Mounce, Green, Myers, Safi, Paxson & Galatzan, P.C. (counsel for Officer Carlos Ortega).


                              /s/ Jeep Darnell
                              Attorney for Appellant


ii

## II. STATEMENT REGARDING ORAL ARGUMENT

While Appellant Officer Ray Sanchez believes the issue will be briefed sufficiently herein, he requests oral arguments in this case so that the Court may properly evaluate the arguments contained herein in light of the hot button issue of qualified immunity and the Circuit split on one of the questions before the Court.

## III. TABLE OF CONTENTS

I. CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . .  i

II. STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . iii

III. TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

IV. TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

V. STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

VI. STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

VII. STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

VIII. SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IX. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B.    THE DISTRICT COURT ERRED IN ITS DECISION DENYING
      OFFICER SANCHEZ SUMMARY JUDGMENT ON THE BASIS OF
      QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      1.    PLAINTIFF CANNOT SHOW THAT OFFICER SANCHEZ
            VIOLATED VILLEGAS' FOURTEENTH AMENDMENT
            RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            a.    PLAINTIFF DID NOT PROVIDE ANY EVIDENTIARY
                  SUPPORT TO SHOW THAT HIS LIBERTY WAS
                  DEPRIVED BY ANY ALLEGED ACTIONS BY OFFICER
                  SANCHEZ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            b.    THIS COURT SHOULD EITHER OVERRULE OR
                  CLARIFY ITS PRIOR RULINGS REGARDING

**WHETHER A DUE PROCESS VIOLATION CLAIM SHOULD REQUIRE A CONVICTION** . . . . . . . . . . . . . . 10

**2**.    **PLAINTIFF FAILED TO CARRY HIS BURDEN TO SHOW THAT OFFICER SANCHEZ VIOLATED CLEARLY ESTABLISHED LAW** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

X. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XI. CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XII. CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# IV. TABLE OF AUTHORITIES

**Cases**

*Alexander v. McKinney*,
692 F.3d 554 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ashcroft v. Iqbal*,
556 U.S. 62 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Boyd v. Driver*,
579 F.3d 513 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bazan v. Hidaldo County*,
246 F.3d 481 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

*Bell Atlantic Corp. V. Twombly*,
50 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Brown v. Miller*,
519 F.3d 231 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cole v. Carson*,
802 F.3d 752 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6-7, 10-14

*Davidson v. City of Stafford*,
848 F.3d 384, 388 (5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Joseph v. Bartlett*,
981 F.3d 319, 324 (5th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Massey v. Ojaniit*,
759 F.3d 343 (4th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Ontiveros v. City of Rosenberg*,
564 F.3d 379 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

*Saunders-El v. Rohde*,
778 F.3d 556 (7th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

*Saldana v. Garza*,
684 F.2d 1159 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
**Statutes**

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# V. STATEMENT OF JURISDICTION

Plaintiff-Appellee, Daniel Villegas, brought the count in question (Count I of his Third Amended Complaint) in this lawsuit against Officer Ray Sanchez pursuant to the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in the United States District Court for the Western District of Texas, El Paso Division. This lawsuit arose from the Appellee Daniel Villegas' arrest, trial, imprisonment, and eventual retrial and acquittal for the murders of Robert England and Armando Lazo on April 10, 1993. (ROA.17513-17523).

Plaintiff filed his Third Amended Complaint (hereinafter "Complaint") on October 19, 2019. (ROA.1278, et. seq.). On April 19, 2023, Officer Sanchez (along with former co-Defendant Officer Hector Loya) filed his Motion for Summary Judgment, (ROA.9619), pursuant to the doctrine of qualified immunity and the United States Supreme Court's decisions in *Bell Atlantic Corp. V. Twombly*, 50 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 62 (2009) and. (ROA.9619, et. seq)..

On May 15, 2023, Plaintiff filed his Consolidated Response to Defendant Officers' Motions for Summary Judgment. (ROA.12420, et. seq.). On June 1, 2023, Defendant Officer Sanchez (along with Loya) filed his joint Reply in support of Their Motion for Summary Judgment. (ROA.14846, et. seq.). On

1

August 22, 2025, the District Court issued its Memorandum Opinion and Order, (ROA.17512, et. seq.), granting in part and denying in part Defendant Officer Sanchez' Motion for Summary Judgment and this appeal ensued pursuant to 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

## VI. STATEMENT OF THE ISSUE

The District Court erred in its decision denying Defendant Officer Sanchez' claims of qualified immunity because Plaintiff failed to point to any evidence that Defendant Officer Sanchez violated Plaintiff's Fourteenth Amendment rights. Alternatively, this Circuit has held that "even when a trial functions properly to vindicate a person's innocence, the 'manufacturing of evidence and knowing use of that wrongful conviction deprives a defendant of his long recognized right to a fair trial secured by the *Due Process Clause*.'" *Cole v. Carson*, 802 F.3d 752, 767 (5th Cir. 2015)(*citing Boyd v. Driver*, 579 F.3d 513, 515).  However, as this Court has noted, other circuits "have found that there is no due process claim in the absence of a conviction . . ." *Id*. at 768.  Officer Sanchez is asking the Court to overturn this Circuit's precedent and join other Circuits in requiring a conviction in order for a claim such as Plaintiff brought against Officer Sanchez to survive or to clarify the prior decisions based on the factual allegations in this case.  Finally, the law was not sufficiently clear to put Officer Sanchez on notice that the factual

allegations against him, if true, violated clearly established law, and, more importantly, Plaintiff did not carry his burden to show that his allegations against Officer Sanchez violated clearly established law.

## VII. STATEMENT OF THE CASE

In 1993, Plaintiff was investigated for the murders of Robert England and Armando Lazo. (ROA.17518). Plaintiff claimed to be somewhere else at the time of the murders. (ROA.12482). Somehow the investigation led to Plaintiff, who was a juvenile at the time, and he was questioned by co-Defendant Alfonso Marquez (now deceased). (ROA.12495-12499). According to Plaintiff, he was forced to give a statement implicating himself in the murders and ultimately confessed. (ROA.12500). Plaintiff was tried for the murders and the first trial ended in a mistrial. (ROA.17522). He was retried and convicted. (ROA.17522). Plaintiff spent nearly 20 years in prison until his conviction was vacated in 2013. (ROA.17522). Only then did Officer Sanchez become involved in the investigation. Officer Sanchez, along with former co-Defendant Hector Loya, interviewed a witness by the name of Oscar Gomez. (ROA.12417-12418). Gomez claimed that he was arrested by Sanchez and Loya for an unrelated issue and then questioned about the murders. (ROA.17522). Gomez also claimed that he "was questioned by detectives for over two hours before his statement was

3

video recorded," (ROA.12501), which Officer Sanchez denied. (ROA.17523). According to Gomez, he informed Sanchez and Loya that Plaintiff had made a joking statement to him about committing the murders, but it was not a confession. (ROA.17523). Gomez claimed that he told the officers that he did not believe Plaintiff committed the murders. (ROA.17523). Regardless, according to Gomez, Officer Sanchez then instructed him what to say once the interview began being recorded, and told him he was not to say that Plaintiff was "joking when he confessed to the murders" and not to say that he did not believe Plaintiff committed the murders. (ROA.17523). Plaintiff was ultimately tried again for the murders and found not guilty. (ROA.17523).

## VIII. SUMMARY OF THE ARGUMENT

The evidence relied upon by Plaintiff failed to overcome Officer Sanchez' entitlement to qualified immunity. The Plaintiff could not, through the evidence offered, show that Officer Sanchez "violat[ed][]a clearly established constitutional right." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 490 (5th Cir. 2001). Alternatively, because Plaintiff was acquitted at his retrial and never subjected to a liberty deprivation from the allegedly fabricated testimony, this Court should overrule or clarify it's prior precedent and find no constitutional violation occurred, or alternatively, find that the law was not sufficiently clear as to the specifics

4

applicable in this case. Further, Plaintiff failed to show that Officer Sanchez'

"conduct was objectively [un]reasonable under clearly established law existing at

the time of the incident." *Bazan,* 246 F.3d at 490.

## IX. ARGUMENT

Even taking Plaintiff's version of the facts as true, Plaintiff cannot

overcome Officer Sanchez' entitlement to qualified immunity for the claim of a

Due Process violation based on manufactured false evidence.   At most, the

alleged facts show that Officer Sanchez allegedly coerced a false statement, the

evidence does not show that Plaintiff's liberty was restrained in any way.  Further,

Plaintiff received exactly what he sought when he had his prior conviction

overturned, a new trial ruling and he was acquitted.

## A.   STANDARD OF REVIEW

The appellate Court reviews the district court's denial of the qualified

immunity defense de novo. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008).

The Court must accept all well-pleaded facts as true and view them in the light

most favorable to the plaintiff. In an interlocutory appeal, such as this, of a denial

of qualified immunity, the Court is to "consider only whether a certain course of

conduct would, as a matter of law, be objectively unreasonable in light of clearly

established law." *Id*. (internal citations removed).

5

The defense of qualified immunity protects government officials "performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). In order to succeed on a Due Process claim for fabrication of evidence over an officer's invocation of qualified immunity, "Plaintiff[] must show 1) that [Officer Sanchez] violated. . . [Plaintiff's] constitutional right to be free from [] [such a constitutional violation]; 2) and the right was clearly established at the time of the entry." *Davidson v. City of Stafford, Tex.,* 848 F.3d 384, 391 (5th Cir. 2017). Although qualified immunity is an affirmative defense, once the defense is asserted, the burden of negating the defense then shifts to the plaintiff. *Bazan*, 246 F.3d at 490; *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982).

**B.** **THE DISTRICT COURT ERRED IN ITS DECISION DENYING OFFICER SANCHEZ SUMMARY JUDGMENT ON THE BASIS OF QUALIFIED IMMUNITY.**

**1.** **PLAINTIFF CANNOT SHOW THAT OFFICER SANCHEZ VIOLATED VILLEGAS' FOURTEENTH AMENDMENT RIGHTS**

In order to prove the first prong of the analysis, Plaintiff must show that Officer Sanchez: 1) fabricated evidence against Plaintiff; 2) and that evidence was

later used to deprive Plaintiff of his liberty. *See Cole v. Carson*, 802 F.3d 752, 771-73 (5th Cir. 2015); *see also Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015)(". . . a **police officer** who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way." (*quoting Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012)(emphasis in original)); *see also Massey v. Ojaniit*, 759 F.3d 343, 354 (4th Cir. 2014)(" We have recognized a due process right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity."(*quoting Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005)(*quoting Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000)). Essentially, this Court agrees with the majority of the other circuits regarding the basic premise of such a claim. However, the Fifth Circuit does differ from some of the other circuits on what constitutes a deprivation of liberty. *See Cole*, 802 F.3d at 768. This Court has "held that a victim of intentional fabrication of evidence by officials is denied due process when he is either convicted or acquitted." *Id*. The Seventh Circuit has alternatively held that, ". . . a prosecutor acting in an investigatory capacity who fabricates evidence *that is used to obtain a wrongful conviction* violates a convicted defendant's clearly established due process rights." *Saunders-El*, 778 F.3d at 560 (emphasis

7

added)(*quoting Alexander v. McKinney*, 692 F.3d 553, 557 (7th Cir. 2014)).  Here, the issue is not whether Mr. Gomez testified at trial (he did), or whether the allegedly false evidence was introduced at trial (it was, but Mr. Gomez testified consistent with his affidavit that the testimony was coerced (ROA.12571-12572), but instead whether the allegedly false evidence deprived Plaintiff of his liberty prior to his retrial after his prior conviction had been set aside and whether his acquittal should render this claim uncolorable.

> **a.    PLAINTIFF DID NOT PROVIDE ANY EVIDENTIARY SUPPORT TO SHOW THAT HIS LIBERTY WAS DEPRIVED BY ANY ALLEGED ACTIONS BY OFFICER SANCHEZ**

Plaintiff's argument in support of a deprivation of his liberty in the summary judgment pleadings below did not rely on the fact that Mr. Gomez testified at trial.  (ROA.12443-12445).  Instead, he claimed that ". . .  Sanchez helped fabricate evidence in 2014 when Plaintiff was preparing for a retrial." (ROA.12426).  Plaintiff also claimed that, " . . . Sanchez fabricated evidence that was used to retry Plaintiff."  (ROA.12429 (no record citation provided by Plaintiff in the original as to specific piece of evidence)).  However, Plaintiff never provided any arguments in his Response, (ROA.12420, *et. seq.*), specifically claiming that his liberty was deprived by the alleged fabricated evidence that was to have been obtained by Officer Sanchez.  In his Response, Plaintiff did lump

Officer Sanchez in with the co-Defendants who were alleged to have violated Plaintiff's constitutional rights during the 1993 investigation, (ROA.12443-12444), however that argument references "fabricated statements attributed to Plaintiff, Williams, and Gonzalez, and testimony from Rangel that Mr. Villegas jokingly implicated himself in the murders." (ROA.12443). However, none of those allegedly fabricated statements included Mr. Gomez, who is the only person from whom Officer Sanchez allegedly coerced a fabricated statement.[1] Surprisingly, the District Court specifically referenced that very section in his ruling below as the only evidence that Officer Sanchez deprived Plaintiff of his liberty. (ROA.17547 ("In his response, Plaintiff claims that without the false evidence, the only evidence the prosecution would have had is 'Plaintiff's joking statement that he committed the murders with a shotgun.") However, the "joking statement" has nothing to do with Officer Sanchez or his involvement in this case, but references a statement obtained by Officers during the 1993

---

[1]In fact, in the proceeding section titled "Defendants Sanchez's and Loya's Arguments Fail," Plaintiff semi-addressed Officer Sanchez' arguments. The section titled "The Fabricated Evidence Was Material and Used Against Plaintiff," specifically references Plaintiff's conviction, which did not occur after Officer Sanchez' became involved.

9

investigation.(ROA.12443).[2]  The Court below also claimed that "[w]hile Defendant Sanchez argues Plaintiff must show that the false evidence led to his deprivation of liberty [which Officer Sanchez did claim], Defendant Sanchez does not cite to any evidence rebutting Plaintiff's version of events."  (ROA.17547). The Court then mistakenly attributed that alleged fact to the statement taken from Mr. Gomez, not Rangel to whom Plaintiff attributed that statement.  (ROA.12443). However, the reality is that Plaintiff did not point to any evidence of any liberty deprivation alleged to have been caused by Officer Sanchez, nor did he even make a specific claim of how Officer Sanchez deprived Plaintiff of his liberty.   On that basis alone, the District Court should have found that Plaintiff failed to carry his burden in the qualified immunity analysis.

      **b.**       **THIS COURT SHOULD EITHER OVERRULE OR CLARIFY ITS PRIOR RULINGS REGARDING WHETHER A DUE PROCESS VIOLATION CLAIM SHOULD REQUIRE A CONVICTION**

---

[2]Plaintiff cited to Proposed Undisputed Fact ¶ 258 in support of this contention, however that paragraph stated that "Villegas's first trial began on December 6, 1994."  (ROA.12503).  Paragraph 257, however, stated that "The only inculpatory evidence used to convict Plaintiff came from statements by Rangel, Williams, Gonzalez, and Plaintiff's confession."  (ROA.12503).  The evidence listed to support that contention is Exhibit 28 to Plaintiff's Response, which are the closing arguments at Plaintiff's second trial in 1995, (ROA.12503);(ROA.12648-12700, nearly 20 years before Officer Sanchez' involvement in Plaintiff's case.

However, even if somehow the District Court were able to infer some liberty deprivation that was never argued by the Plaintiff, this Court should either overrule or clarify its prior rulings that a Plaintiff need not be convicted in order for this claim to stand. *See Cole*, 802 F.3d at 768. In *Cole*, *supra*, the Court specifically decided that, "[w]e agree with those [circuits] that have found a due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person." *Cole*, 802 F.3d at 771. The allegations before the Court herein do not match that specific holding. Here, Plaintiff was alleged to have been convicted in 1995 of capital murder, (ROA.1301-1302), based on fabricated testimony arising out of the investigation which occurred in 1993, (ROA.1301-1302), that did not involve Officer Sanchez. (ROA.12426). In 2009, the Judge of the 409th Judicial District Court, in El Paso County, Texas recommended that Plaintiff's conviction be vacated. (ROA.1303). In December, 2013, that recommendation was adopted by the Texas Court of Criminal Appeals, who vacated Plaintiff's capital murder conviction. (ROA.1303). Only after that did Officer Sanchez become involved. (ROA.1304);(ROA.17522). Plaintiff was retried on the capital murder charge and found not guilty on October 5, 2018. (ROA.1308). It is not alleged that Plaintiff was in custody from the time that his conviction was reversed until his retrial nearly five years later, and he was in fact

11

free on bond during that entire time.  (ROA.1309).

Even assuming the allegations against Officer Sanchez of coercing Mr. Gomez into providing a fabricated statement were true, Officer Sanchez was not alleged to have been involved in 1993 when Plaintiff was allegedly framed and false charges were brought against him.  The allegations herein are very procedurally different than the allegations in *Cole*, *supra*, where the Plaintiff was charged based on fabricated evidence by the involved officers and then the charges were dismissed prior to trial, less than two years later.  *Cole*, 802 F.3d at 755-56. Similarly, in *Boyd v. Driver*, 579 F.3d 513 (5th Cir. 2009), another case this Court considered in its opinion in *Cole*, the Plaintiff, who was charged with assaults on federal prison employees, was acquitted on the initial trial of his criminal case and not after any appellate or post-conviction remedy.  579 F.3d at 514.  Here, the evidence obtained to charge Plaintiff and the resulting capital murder charge predated Officer Sanchez' involvement by about 20 years. (ROA.12443)("The only inculpatory evidence used to convict Mr. Villegas came from the fabricated statements attributed to Plaintiff, Williams, and Gonzalez, and testimony from Rangel that Mr. Villegas jokingly implicated himself in the murders.").

However, the facts relied upon by the Seventh Circuit in its decision in

12

*Saunders-El*, *supra*, reflect much of the reason for the circuit split on the issue. Reviewing its prior decision in *Alexander*, *supra*, the Seventh Circuit noted that its applicable caselaw arose from situations like these where a criminal defendant had been convicted on fabricated evidence and spent considerable time in prison. *Saunders-El*, 778 F.3d at 560-61 (*quoting Alexander*, 692 F.3d at 557).  The Court of Appeals also noted that it had found a liberty deprivation where a criminal defendant spent considerable time in custody after his initial arrest, but before conviction.  *Id*. at 561 (*quoting Alexander*, 692 F.3d at 557).  The Court of Appeals also noted that it had previously reasoned that, "[n]or does the burden of appearing in court and attending trial, in and of itself, constitute a deprivation of liberty[,]" because "[i]t would be anomalous to hold that attending a trial deprives a criminal defendant of liberty without due process of law, when the purpose of the trial is to *effectuate* due process."  *Id*. (*quoting Alexander*, 692 F.3d at 557 n. 2).

Here, Plaintiff was certainly deprived of his liberty when he was in custody for nearly twenty years.  (ROA.17522).  However, all that time predated Officer Sanchez' involvement.  Thereafter, the very thing Plaintiff sought in his post-conviction litigation, namely a new trial, is what he received and he obtained the very result he wanted, namely an acquittal.  (ROA.17523).  None of those

13

allegations in Plaintiff's Third Amended Complaint are disputed.  Thus, where, as here, facts are more similar to the cases out of the Seventh Circuit than those Fifth Circuit cases noted by this Court in *Cole*, it seems as though this Court's prior reasoning would be inapplicable and the Court should apply a different reasoning like that used by the Seventh Circuit, whether by overruling its prior decisions or by applying a different reasoning as called for by the factual allegations herein.

Regardless of whether the Court reviews the first prong of the qualified immunity analysis through the lens of either: whether any evidence existed in the record or whether the claim is colorable under the specific allegations in this case under the existing caselaw, the District Court's decision below should be reversed.

**2.    PLAINTIFF FAILED TO CARRY HIS BURDEN TO SHOW THAT OFFICER SANCHEZ VIOLATED CLEARLY ESTABLISHED LAW.**

This Court has previously held:

> A plaintiff suing for a constitutional violation has the ultimate burden to show that the defendant violated a constitutional right- that is, the plaintiff must make this showing whether or not qualified immunity is involved. But when qualified immunity is involved, at least in this circuit, a plaintiff has the additional burden to show that the violated right was "clearly established" at the time of the alleged violation.

*Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020). "In order to evaluate the 'clearly established law' prong of the qualified immunity test, the court must ask

14

whether, at the time of the incident, the law clearly established that such conduct would violate the right." *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 383 n.1 (5th Cir. 2009).

The District Court below correctly stated "[a] constitutional right is clearly established when relevant precedent has 'placed the statutory or constitutional question beyond debate.'" (ROA.17527)(*quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). "In other words, a clearly established right, for purposes of qualified immunity, is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." (ROA.17527)(*quoting Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021)). "In practice 'this requires the plaintiff to identify a case–usually, a body of relevant case law–in which an officer acting under similar circumstances was held to have violated the constitution.'" (ROA.17527) (*quoting Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020)(*quoting District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (cleaned up))). "A case directly on point is not needed, but 'there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful.'" (ROA.17527)(*quoting Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020)). According to the District Court, ". . . there is also the rare possibility

15

that the unlawfulness of an officer's actions is so clear that analogous case law is not needed to declare the conduct beyond debate.  (ROA.17527-17528)(*citing Joseph*, 981 F.3d at 330 (*citing Wesby*, 138 S. Ct. at 590)).  With that in mind, the District Court found that "[t]he right to be free from fabricated witness statements was clearly established in 1993."  (ROA.17534).  While that general principle may be true, the circumstances detailed above regarding the posture of the case at which Officer Sanchez entered are different than the cases outlined by the District Court in its analysis of the clearly established law prong.  (*See* ROA.17534-17535).  For instance, the District Court's reliance on the proposition that, "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government," (ROA.17535)(*quoting Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2010), is more applicable to the accusations against the co-Defendants below who were involved in the initial investigation where the existence of allegedly fabricated evidence was not made known to the jury, rather than to the specific accusations against Officer Sanchez, considering that the jury in the last trial heard testimony from the witness that he was coerced.  In essence, case law that may be applicable to the co-Defendants whose potential liability arose from the 1993 investigation and initial charging is not necessarily applicable

to Officer Sanchez, which is specifically how the District Court analyzed the clearly established law prong. (*See* ROA.17534-17536)(*c.f.* ROA.17548).

Regardless of whether this Court finds that the law was sufficiently clear to put Officer Sanchez on notice that the alleged actions violated clearly established, the fact remains that the Plaintiff failed to provide any caselaw to carry his burden to show that the specific allegations against Officer Sanchez violated clearly established law. Accordingly, the District Court's decision below should be reversed on the second prong of the qualified immunity analysis.

## X. CONCLUSION

WHEREFORE, PREMISES CONSIDERED**,** the Court should reverse the District Court's denial of Officer Sanchez' claim of qualified immunity and remand the case back to the District Court with instructions to grant the Defendant's motion for summary judgment.

Respectfully submitted,

**JIM DARNELL, P.C.**
310 N. Mesa, Suite 212
El Paso, Texas 79901
Phone: (915)532-2442
Fax:     (915)532-4549


By: /s/ Jeep Darnell
   **Jim Darnell**
   Jdarnell@jdarnell.com
   TX State Bar No. 05391250
   NM State Bar No. 148187

   **Jeep Darnell**
   Jedarnell@jdarnell.com
   TX State Bar No. 24075845
   NM State Bar No. 143950

**Attorneys for Appellant
Officer Ray Sanchez**

18

# XI. CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2026, a true and correct copy of the foregoing document has been electronically filed via the CM/ECF system.

/s/ Jeep Darnell
Attorney for Appellant

# XII. CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,938 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfect X9 in Times New Roman font sizes 14 and 16.

/s/ Jeep Darnell
Attorney for Appellant