**No. 25-50800**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

**DANIEL VILLEGAS,**
　　　*Plaintiff - Appellee,*

**v.**

**RAY SANCHEZ,**
　　　*Defendant-Appellant.*

---

**On Interlocutory Appeal from the
United States District Court Western District of Texas,
El Paso Division
3:15-CV-00386-DCG**

---

**REPLY BRIEF OF APPELLANT RAY SANCHEZ**

---

**Jim Darnell**
jdarnell@jdarnell.com
**Jeep Darnell**
jedarnell@jdarnell.com
**Jim Darnell, P.C.**
**310 N. Mesa St., Ste. 212**
**El Paso, Texas 79901**
**Phone: (915)532-2442**
**Fax:　(915)532-4549**

# I. TABLE OF CONTENTS

I. TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

II. TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

III. STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV. REPLY ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.   **DETECTIVE SANCHEZ DID INVOKE QUALIFIED IMMUNITY BELOW** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.   **THIS COURT HAS JURISDICTION OVER THIS APPEAL**  . . . . . . . 2

C.   **DETECTIVE SANCHEZ DID NOT FORFEIT HIS ARGUMENT THAT PLAINTIFF DID NOT CARRY HIS BURDEN TO SHOW THAT HIS LIBERTY WAS NOT DEPRIVED** . . . . . . . . . . . . . . . . . . 8

D.   **THIS COURT CAN AND SHOULD MODIFY OR REVERSE ITS PRECEDENT UNDER THE FACTS OF THIS CASE** . . . . . . . . . . . . . 10

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VI. CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VII. CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## II. TABLE OF AUTHORITIES

**Cases**

*Cole v. Carson*,
802 F.3d 752 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*Kinney v. Weaver*,
367 F.3d 337 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*King v. Handorf*,
821 F.3d 650, 653 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 8, 10

*Massey v. Ojaniit*,
759 F.3d 343 (4th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Short v. West*,
662 F.3d 320 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Saunders-El v. Rohde*,
778 F.3d 556 (7th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Statutes**

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## III. STATEMENT OF JURISDICTION

Contrary to Plaintiff Daniel Villegas' assertions, Defendant Detective Ray Sanchez correctly laid out the jurisdiction of this Court in his opening Brief, as will be explained further hereinbelow.  Not only did Detective Sanchez timely file his Notice of Appeal, as was agreed to by Plaintiff, (Answering Brief of Appellee Daniel Villegas, p. 2), but this Court does have interlocutory jurisdiction over the appeal as the issues were preserved and this Court has proper jurisdiction pursuant to 28 U.S.C. § 1291.

## IV. REPLY ARGUMENT

### A.    DETECTIVE SANCHEZ DID INVOKE QUALIFIED IMMUNITY BELOW

In his Motion for Summary Judgment below, (ROA.9619, et. seq.),[1] Detective Sanchez invoked his entitlement to qualified immunity on multiple occasions.  First, he laid out the general law on qualified immunity and the legal standard for the application of qualified immunity to the facts plead, all with supporting caselaw.  (ROA.9622-9624).  Thereafter, Detective Sanchez argued that Plaintiff "provided no evidence to overcome Det. Sanchez' . . . entitlement to

---

[1]Plaintiff cited to ROA.8618, et. seq. for Defendant's Motion for Summary Judgment, (Answering Brief, p. 12), however the correct record cite is ROA.9619, et. seq.

qualified immunity." (ROA.9624). Detective Sanchez then analyzed each of the claims against him in Plaintiff's Third Amended Complaint in the context of qualified immunity. (*See generally* ROA.9619, et. seq.). Then, in his Reply below, (ROA.14846, et. seq.), Detective Sanchez responded within the context of his argument that, "Plaintiff failed to provide sufficient evidence to overcome Detective Sanchez['] . . . entitlement to qualified immunity." (ROA.14847; *see also* ROA.14847-14852); *see e.g. King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016). Contrary to Plaintiff's argument that, "Sanchez provided no argument, cogent or otherwise, about why he was entitled to qualified immunity," (Answering Brief, p. 19), Detective Sanchez' entire argument below as to each claim against him was that if Plaintiff did not carry his burden to defeat qualified immunity, then the claim must fail. (ROA.6924).

## B.     THIS COURT HAS JURISDICTION OVER THIS APPEAL

As this Court has written, "[u]nder 28 U.S.C. § 1291, we have jurisdiction to review 'final decisions of the district courts.'" *King*, 821 F.3d at 653. While "[d]enials of summary judgment are ordinarily not final decisions that can be reviewed," *id*. (*citing Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004)), "[s]ection 1291 jurisdiction exists over appeals from denials of qualified immunity based on pure questions of law. *Id*. (*citing Kinney*, 367 F.3d at 346). While there

2

may be a factual dispute as to the alleged constitutional violation, this Court can still consider "the issue of whether the district court made a legal error in denying qualified immunity." *Id.* This Court "can simply take, as given, the facts that the district court assumed when it denied summary judgment for purely legal reason." *Id.* (quotations and citations omitted). However, despite that, the Court "also ha[s] jurisdiction over the legal issues of whether factual disputes are material." *Id.* Once this Court accepts jurisdiction, it can review the decision below to deny qualified immunity. Qualified immunity "is an affirmative defense; once properly raised by the defendant, the 'plaintiff has the burden to negate the assertion of qualified immunity.'" *Id.* (*quoting Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009)); (*see e.g.* ROA.9623 (*citing Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001); *Saldana v. Garza*, 684 F.2d 1159 (5th Cir. 1982))). "To establish that qualified immunity does not apply, [Plaintiff] must prove [Detective Sanchez] '(1) violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* (internal quotations and citations omitted); (*see e.g.* ROA.9622 (*quoting Davidson v. City of Stafford, Tex.*,848 F.3d 384, 391 (5th Cir. 2017))). In order to carry his burden as to the first prong regarding Count I of his Third Amended Complaint, Plaintiff had to point to evidence in the record to show that Detective

3

Sanchez: 1) fabricated evidence against Plaintiff; 2) and that evidence was later used to deprive Plaintiff of his liberty. *Cole v. Carson*, 802 F.3d 752, 771-73 (5th Cir. 2015).

What complicates this analysis is the fact that the District Court reasoned that, "Plaintiff claims that without the false evidence, the only evidence the prosecution would have had is 'Plaintiff's joking statement that he committed the murders with a shotgun." (ROA.17547)(*quoting* ROA.12443-12444). However, the portion of Plaintiff's summary judgment Response cited to by the District Court is specifically discussing the Plaintiff's argument that "Defendants' contention that the fabricated evidence did not cause Plaintiff's **conviction** is easily dispatched." (ROA.12443)(emphasis added). Plaintiff furthered that argument by claiming that "[t]he only inculpatory evidence used to **convict** Mr. Villegas came from the fabricated statements attributed to Plaintiff, Williams, and Gonzalez, and testimony from Rangel that Mr. Villegas jokingly implicated himself in the murders." (ROA.12443)(emphasis added).

It is worth reminding the Court that the statements taken from Plaintiff, Williams, Gonzalez, and Rangel (referenced by Plaintiff and the District Court) all predated Detective Sanchez' involvement in the case by twenty-one years. According to Plaintiff's Answering Brief: (1) the shooting occurred on April 10,

1993, (Answering Brief, p. 6); (2) the detectives then investigating the shootings "set their sights on interrogating Villegas's 17-year-old cousin, **David Rangel**, . . .," (Answering Brief, pp. 6-7)(emphasis added); (3) "Rangel told detectives what he knew about the murders: that 16-year-old Villegas had **jokingly told him that he committed the murders with a shotgun**," (Answering Brief, p. 7)(emphasis added); (4) "Detectives then picked up and interrogated 15-year-old **Rodney Williams**," (Answering Brief, p. 7)(emphasis added); (5) "Detectives then proceeded to arrest 17-year-old **Marcos Gonzalez and Villegas**," (Answering Brief, p. 7)(emphasis added); (6) "Without any physical evidence to tie Villegas to the murders, prosecutors had to rely on his coerced false confession and the fabricated statements coerced by detectives and attributed to **Rangel, Williams, and Gonzalez**," (Answering Brief, p. 8)(emphasis added); (7) Villegas . . . was convicted . . . [and] [o]n August 24, 1995, [he] was sentenced to life in prison," (Answering Brief, p. 9); (8) "In 2013, after spending nearly two decades in prison, the Texas Court of Criminal Appeals overturned Villegas's convictions," (Answering Brief, p. 9); (9) "The **State** decided to retry Villegas and the El Paso Police Department assigned [D]etective Sanchez to the case," (Answering Brief, p. 9)(emphasis added); and (10) "On **December 4, 2014**, **Gomez** was picked up on a traffic warrant, but taken to the Crimes Against Persons office by **Sanchez** for

5

interrogation." (Answering Brief, p. 9)(emphasis added). Taking Plaintiff's allegations as true, Detective Sanchez had nothing to do with the taking of the statements that the District Court relied on to find that Plaintiff had, in fact, pointed to evidence in the record to show a liberty restraint. Plaintiff's arguments at the pages cited to by the District Court, (ROA.17547 (*citing* ROA.12443-12444)) have nothing to do with the Oscar Gomez statement; they deal with statements taken in 1993 and the resulting conviction. The very next sentence of the District Court's Memorandum Opinion and Order, (ROA.17512, et. seq.), then reasoned as follows, "[w]hile Defendant Sanchez argues Plaintiff must show that the false evidence led to his deprivation of liberty (acknowledging that Detective Sanchez did not forfeit this claim), Defendant Sanchez does not cite to any evidence rebutting Plaintiff's version of events." (ROA.17547). Detective Sanchez had nothing to rebut because Plaintiff did not point to any evidence of his deprived liberty and the District Court erroneously created a fact issue by relying on the wrong allegations.

Plaintiff failed to carry his burden in the qualified immunity analysis, and the District Court attempted to save Plaintiff but relied on factual allegations that were not material or relevant to Detective Sanchez. "Where the district court has denied summary judgment on the ground that material issues of fact exist as to the

6

plaintiff's claims, this court lacks jurisdiction to review the district court's determination that a genuine fact issue exists." *Short v. West*, 662 F.3d 320, 325 (5th Cir. 2011)(*quoting Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007)). "This Court can, however, review whether any factual dispute found by the district court is material for summary judgment purposes; that is, the court can consider the legal sufficiency of the facts that the district court found to be supported by the summary judgment record." *Id*. (*quoting Freeman*, 483 F.3d at 410)). Accordingly, this Court does "not apply the standard of Rule 56 but instead consider[s] only whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Id*. (*quoting Kinney*, 367 F.3d at 348).  Put succinctly, this Court has "jurisdiction to decide whether the district court erred in concluding as a matter of law that officials are not entitled to qualified immunity on a given set of facts." *Kinney*, 367 F.3d at 347.  Whether or not other officers investigating the crimes twenty-one years prior impermissibly restrained Plaintiff's liberty as a result of their investigation bears no weight on whether or not Detective Sanchez restrained Plaintiff's liberty as a result of his investigation in 2014.  Assuming arguendo, the officers in 1993 did unconstitutionally restrain Plaintiff's liberty, as this Court must, that "fact" has no bearing on whether Detective Sanchez: 1)

7

fabricated evidence against Plaintiff; 2) and that evidence was later used to deprive Plaintiff of his liberty. *Cole*, 802 F.3d at 771-73.

## C. DETECTIVE SANCHEZ DID NOT FORFEIT HIS ARGUMENT THAT PLAINTIFF DID NOT CARRY HIS BURDEN TO SHOW THAT HIS LIBERTY WAS NOT DEPRIVED

In order to carry his burden below, Plaintiff had to point to evidence in the record to show that Detective Sanchez: 1) fabricated evidence against Plaintiff; 2) and that evidence was later used to deprive Plaintiff of his liberty. *See Cole*, 802 F.3d 771-73. Detective Sanchez did not challenge, nor could he, in his opening Brief that the evidence at issue, the interrogation of Oscar Gomez, was found by the District Court to be fabricated evidence. This Court would not have jurisdiction over that decision. *Cf. King*, 821 F.3d at 653. Instead, the issue before this Court is whether Plaintiff carried his burden below to overcome qualified immunity by pointing to evidence in the record that his liberty was restrained by virtue of the allegedly fabricated evidence. Detective Sanchez cited to *Massey v. Ojaniit*, 759 F.3d 343, 354 (4th Cir. 2014), for the proposition that Plaintiff had to plead ". . . adequate facts to establish that the loss of liberty - i.e., his conviction and subsequent incarceration - resulted from the fabrication." (ROA.9625). Plaintiff acknowledged that argument in his summary judgment Response, (ROA.12444), but did not argue at any time with regard to Detective

8

Sanchez that Plaintiff's liberty was restrained as a result of the allegedly fabricated evidence. In fact, in his Response to Detective Sanchez' Motion for Summary Judgment, Plaintiff argued " . . . there is sufficient evidence to demonstrate that Defendant[] Sanchez . . . fabricated evidence. That is the end of the inquiry . . ." (ROA.12445).

Admittedly, Detective Sanchez' challenge to the lack of any evidence of a liberty restraint was somewhat confusing. In Count I of the Third Amended Complaint Plaintiff alleged a Fourteenth Amendment Due Process violation, (ROA.1323), which would require that he make the showing noted above. The next claim against Detective Sanchez came in Count IV, (ROA.1327), wherein Plaintiff alleged a Fourth and Fourteenth Amendment violation for Deprivation of Liberty and Detention. (ROA.1327). Obviously, in order to challenge the claim in Count IV Detective Sanchez was required to argue that no liberty deprivation occurred. (ROA.9633-9634). Sanchez' arguments in Count I and Count IV were somewhat blended because they both involved a similar element. Regardless, Plaintiff only responded to Detective Sanchez' argument by restating Sanchez' own argument, (ROA.12468), and then arguing that Sanchez did fabricate evidence. (ROA.12469). Plaintiff never argued or pointed to evidence to establish how his liberty was allegedly restrained. By failing to point to any

9

evidence in the record to establish a material fact dispute that his liberty was restrained by the alleged constitutional violation, Plaintiff failed to carry his burden.

**D.     THIS COURT CAN AND SHOULD MODIFY OR REVERSE IT PRECEDENT UNDER THE FACTS OF THIS CASE**

Detective Sanchez fully briefed this issue in his opening Brief and will not restate what has been sufficiently put before this Court.  Detective Sanchez is not asking the Court to ignore its prior precedent, but is asking the Court to consider the differences between this case and the cases in which the Court has used its precedent.  *Compare Cole*, 802 F.3d at 755-56, *with Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015)

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED**,** the Court should reverse the District Court's denial of Officer Sanchez' claim of qualified immunity and remand the case back to the District Court with instructions to grant the Defendant's motion for summary judgment.

Respectfully submitted,

**JIM DARNELL, P.C.**
310 N. Mesa, Suite 212
El Paso, Texas 79901
Phone: (915)532-2442
Fax:    (915)532-4549

By: /s/ Jeep Darnell
  **Jim Darnell**
  Jdarnell@jdarnell.com
  TX State Bar No. 05391250
  NM State Bar No. 148187

  **Jeep Darnell**
  Jedarnell@jdarnell.com
  TX State Bar No. 24075845
  NM State Bar No. 143950

  **Attorneys for Appellant**
  **Officer Ray Sanchez**

# VI. CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2026, a true and correct copy of the foregoing document has been electronically filed via the CM/ECF system.

/s/ Jeep Darnell
Attorney for Appellant

11

# VII. CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,215 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfect X9 in Times New Roman font sizes 14 and 16.

/s/ Jeep Darnell
Attorney for Appellant